IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 18 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| JEREMIAH HENDERSON, *Plaintiff,* v. JAMES V. DOSS, *Defendant* | CIVIL NO. 6:07cv00006<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed on April 6, 2007 (docket entry no. 6). For the following reasons, this motion is hereby GRANTED.

There are two bases for federal jurisdiction: federal question jurisdiction, *see* U.S. Const. art. III, § 2; 28 U.S.C. § 1331 (2000), and diversity of citizenship jurisdiction, *see* 28 U.S.C. § 1332 (2000). After considering Plaintiff's complaint and amended complaint (even if read together), the Court determines that it has neither federal question jurisdiction nor diversity of citizenship jurisdiction; therefore, the Court must dismiss this action.

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). "A case 'aris[es] under' federal law within the meaning of § 1331," the Supreme Court has stated, "if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh,* 126 S.Ct. 2121, 2131 (2006) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

Plaintiff's complaint and amended complaint allege that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The two complaints then allege that Defendant Doss violated Supreme Court rules and "federal rules of Professional Standard[s]," intentionally inflected mental duress upon him, "violated his [Fourteenth] Amendment Rights," negligently caused Plaintiff to be targeted by the Commonwealth's Attorney's Office, maliciously prosecuted him, caused Plaintiff's physician to tell Plaintiff to find another physician, caused Plaintiff to seek mental counseling, destroyed Plaintiff's business relationships, destroyed employer and employee relationships, destroyed relationships between the Commonwealth's Attorney's Office and the local social services department, and, finally, libeled and defamed Plaintiff.

Simply put, none of these allegations support federal question jurisdiction. To the extent these claims are cognizable causes of action, they are quintessential state-court claims. The only allegation that could support such jurisdiction is that Defendant somehow violated Plaintiff's Fourteenth Amendment rights.[1] But Plaintiff does not allege what constitutional rights were violated, how those rights might have been violated, or even facts sufficient to allow the Court to determine what rights were violated. Therefore, this Court finds that it does not have jurisdiction to hear this case pursuant to 28 U.S.C. § 1331.

For the foregoing reasons, Defendant's motion (docket entry no. 6) is hereby GRANTED. Additionally, Defendant's Motion to Dismiss for Failure To Properly Plead Fraud and for Being Barred by Various Statutes of Limitation, filed on April 6, 2007 (docket entry no. 7) and Plaintiff's Motion for Supplemental Pleading, filed on April 12, 2007 (docket entry no. 10) are

---

[1] Plaintiff also alleges that "Jamel J. Fitz ... was searched and detained, while pass[e]nger with plaintiff, returning to catch flight to return to Base, (Germany) miss flight, unauthorized search, return five days late, Congressman Goolatch office was contacted." Without deciding whether such a claim would support jurisdiction,

hereby DENIED as moot.

It is so ORDERED.

The Clerk of the Court is hereby directed to STRIKE this action from the docket of the Court and to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

April 18, 2007
Date

---

Plaintiff has not alleged how the named Defendant was involved in this search.

- 3 -

Case 6:07-cv-00006-NKM-mfu   Document 12   Filed 04/18/07   Page 3 of 3   Pageid#: 58